IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CURTIS HORTON                                                                                       PETITIONER
ADC #106534
v.                              CASE NO. 5:17-cv-00322 BSM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction and
ARKANSAS BOARD OF PAROLE                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, Curtis Horton, an inmate in the Arkansas Department of Correction ("ADC"). For the reasons explained below, it is recommended the petition (DE #1) be dismissed with prejudice.

## Procedural History

In 2013, a Saline County Circuit Court jury found Petitioner, Curtis Horton, guilty of aggravated residential burglary, theft of property, and failure to appear. Petitioner received an aggregate sentence as a habitual offender of 708 months' imprisonment in the ADC. He

appealed his sentence challenging the sufficiency of the evidence, and on April 23, 2014, the Arkansas Court of Appeals affirmed the decision. *Horton v. State*, 2014 Ark. App. 250, 2014 WL 1661504.

Petitioner subsequently filed a timely Rule 37 petition on June 23, 2014. In it, he alleged many ineffective assistance of counsel claims: (1) failure to object to an impartial jury; (2) failure to request a change of venue; (3) failure to raise a *Batson* challenge; (4) failure to object to improper questions by the prosecution during voir dire; (5) failure to raise prosecutorial misconduct during voir dire; (6) failure to raise specific objections for appeal purposes; (7) failure to file a motion to withdraw as counsel; (8) failure to file a motion for continuance; (9) failure to file a motion for severance; (10) failure to file a motion in limine; (11) failure to make a 404(b) objection; (12) failure to raise prosecutorial misconduct during sentencing phase; (13) failure to challenge the sufficiency of the evidence used to convict; (14) failure to challenge the felony information; (15) failure to timely object to prosecutorial leading of a witness; (16) waiver of his right to testify; (17) proceeding when there was a conflict of interest between lawyer and client; (18) ineffective appellate counsel for failure to raise ineffective trial counsel claims after being asked to do so; (19) illegal sentence; and (20) plain error. (DE #7-3, pp. 7-8) On September 17, 2014, the trial court denied relief, DE #7-3, pp. 12-14, and the Arkansas Supreme Court affirmed the denial on December 1, 2016. *See Horton v. State*, 2016 Ark. 424, 504 S.W.3d 582.

On December 4, 2017, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that: (1) he received ineffective assistance of counsel by the

failure of counsel to challenge the jury panel for possible racial bias; (2) there was an "irreconcilable conflict of interest" between him and his counsel; (3) he was not afforded counsel of his choice in violation of the Sixth Amendment; and (4) ineffective assistance of appellate counsel. (DE # 1) On February 26, 2018, Respondent filed her Response to the Petition for Writ of Habeas Corpus. (DE #7) She admits Petitioner is in her custody and that he has no unexhausted, non-futile state remedies available to him. However, Petitioner argues that the petition should be dismissed because his claims are time barred, procedurally defaulted, or without merit.

## Discussion

At the outset, Respondent notes that Horton's petition is both unsigned and unverified. Both federal law and § 2254's procedural rules require that a petition be signed under penalty of perjury by a petitioner or, at a minimum, someone acting in his behalf. 28 U.S.C. § 2242; Rule 2(c) of the RULES GOVERNING SECTION 2254 CASES IN THE DISTRICT COURTS (Habeas Rules). In the event the petitioner fails to comply with this requirement, a court may dismiss the petition. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (a court may dismiss an unsigned and unverified petition).

The instant petition was not signed, verified, or dated. Generally, the Clerk will send a deficiency letter to address such issues. It does not appear that a letter was sent in this instance. These circumstances could arguably justify a dismissal of the petition without prejudice; yet, given the history of this case, the amount of time that has passed since the petition was filed, and Horton's pro se status, dismissing the petition or returning it pursuant

4

to Rule 2 of the Habeas Rules is neither called for nor justified. The defects noted appear to be an oversight and do not deprive this Court of jurisdiction. *Hendricks*, 908 F.2d at 491. Petitioner submitted a typed reply that he took the time to edit by hand before filing that is signed, verified, and dated. They are thus defects that the Court, if it sees fit, may disregard. *Id.*; *Lucky v. Calderon*, 86 F.3d 923, 925 (9th Cir. 1996).

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled while state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). AEDPA's statute of limitations starts running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For "a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

The Arkansas Court of Appeals issued its opinion affirming Petitioner's conviction on April 23, 2014. Petitioner did not seek direct review from the Arkansas Supreme Court. His time to seek review expired eighteen (18) days later on May 11, 2014. Because May 11, 2014, was a Sunday, the time was extended until the next business day, May 12, 2014. AEDPA's statute of limitations thus began running from May 13, 2014. *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the computation the day of the event that triggers the time period); *Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999) (applying Federal

Rule of Civil Procedure 6(a) to AEDPA statute of limitations).  The time period was tolled during the pendency of Petitioner's Rule 37 petition, from June 23, 2014, to December 1, 2016. *See* 28 U.S.C. § 2244(d)(2).  On December 2, 2016, the statute of limitations resumed running.  *See* Fed. R. Civ. P. 6(a)(1)(A).  Accordingly, when Petitioner filed his federal habeas petition on December 4, 2017, more than one year had passed, and the statute of limitations had run.

There is no reason to believe that equitable tolling would be appropriate.  The United States Supreme Court has held a petitioner is entitled to equitable tolling of 28 U.S.C. § 2244(d) only if he can show "that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden rests solely on the petitioner to prove the grounds warranting equitable tolling and to satisfy the extraordinary circumstance test.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2012).  "Ineffective assistance of counsel generally does not warrant equitable tolling." *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).  Further, *Martinez* does not provide a basis for either statutory or equitable tolling.  *See Henderson v. Hobbs*, No. 5:07-cv-00093-JMM-BD, 2012 WL 4049222, at *4 (E.D. Ark. Aug. 29, 2012) ("The *Martinez* court did not create . . . a new ground for equitable tolling of the statute of limitations.").  Accordingly, the Court finds that the Petitioner's petition is time-barred.

## Conclusion

Petitioner's federal petition for writ of habeas corpus is barred by the AEDPA's statute of limitations.  Accordingly, this Court recommends that the Court deny and dismiss

the habeas petition (DE #1) with prejudice and the relief prayed for be denied. It is further recommended that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 28th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE